IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
ex rel. ALBERTO ALBARRAN, )
  )
Petitioner, )
  )
v. ) No. 11 C 8374
  )
ALEX DAWSON, Warden, Logan )
Correctional Center, )
  )
Respondent. )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Alberto Albarran's (Albarran) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court denies the Petition.

## BACKGROUND

Albarran was convicted in state court in 2008 of possession of a controlled substance, and was sentenced to ten years in prison. The Illinois Appellate Court affirmed the conviction on direct appeal, and the Illinois Supreme Court denied

1

Albarran's petition for leave to appeal (PLA). The record does not reflect that Albarran pursued any subsequent collateral proceedings in state court. In November 2011, Albarran filed the instant Petition pursuant to 28 U.S.C. § 2254.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies

the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Albarran's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Albarran asserts the following claims in the Petition: (1) that the trial court admitted hearsay evidence in violation of the Confrontation Clause (Claim 1), and (2) that there was insufficient evidence to support a conviction (Claim 2). (DE 8, 5-6); (DE 1, 5-6).

I. Procedural Default

Respondent argues that Albarran's claims are procedurally defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete

3

round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

### A. Admission of Hearsay (Claim 1)

Respondent argues that Claim 1 is procedurally defaulted. The record indicates that Albarran included Claim 1 regarding the admission of hearsay in his

4

PLA. (DE 6 Ex. 6-2, 68). However, the record also reflects that Albarran failed to present Claim 1 in his direct appeal to the Illinois Appellate Court. (DE 6 E. 6-2, 5). The record also reflects that Albarran failed to pursue any collateral proceedings in state court. Thus, Albarran has failed to present Claim 1 through one complete round of the state court appellate process, and Claim 1 is procedurally defaulted.

### B. Sufficiency of Evidence (Claim 2)

Respondent argues that Claim 2 is procedurally defaulted. The record indicates that Albarran included Claim 2 regarding the sufficiency of evidence in his direct appeal to the Illinois Appellate Court. (DE 6 E. 6-2, 5). However, the record also reflects that Albarran failed to present Claim 2 in his PLA. Albarran argues that in presenting the hearsay arguments in his PLA, he was alerting the Illinois Supreme Court that there was not sufficient evidence to prove him guilty beyond a reasonable doubt. (Reply 4). The hearsay argument and the sufficiency of evidence arguments are separate and distinct claims. To fairly present federal claims to the state courts, the petitioner must have given the courts the "opportunity to correct alleged violations of prisoners' federal rights," by "alert[ing] [the court] to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(also stating that "[i]f a habeas petitioner wishes

to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"); *see also Curtis v. Montgomery*, 552 F.3d 578, 583 (7th Cir. 2009)(stating that "[t]o fairly present claims, however, a petitioner must provide the state and federal courts with the same factual and legal bases"); *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006)(explaining factors to consider in assessing whether a claim was fairly presented to state courts).

In the instant Petition, Albarran argues that the admission of hearsay evidence violated the Confrontation Clause. (DE 8, 5). Likewise in the PLA, Albarran argued that the admission of hearsay violated his federal constitutional right to confront witnesses. (DE 6 Ex. 6-2, 73). Although in the PLA Albarran referenced in passing the requirement for competent evidence to establish guilt beyond a reasonable doubt, (DE 6 Ex. 6-2, 73), the claim in the PLA relating to the alleged admission of hearsay is completely different than the sufficiency of evidence claim now presented in the instant Petition. The sufficiency of evidence claim on direct appeal is also not the same as the sufficiency of evidence claim in the instant Petition. (DE 8, 5); (DE 6 Ex. 6-2). Albarran has not shown that he fairly presented Claim 2 through one complete round of the state-court appellate process, and therefore, Claim 2 is procedurally defaulted.

### C. Lack of Justification to Excuse Procedural Default

Respondent argues that there are no facts in this case that provide a justification to excuse the defaults. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

In the instant action, Albarran has not provided facts showing that he was

prevented from presenting his claims in a manner that would have avoided the procedural default. Albarran has not shown cause and prejudice. Nor has Albarran shown a fundamental miscarriage of justice, or presented any new reliable evidence not presented at trial showing his actual innocence. *See, e.g, Coleman*, 628 F.3d at 319 (stating that the "petitioner must support the innocence claim with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial")(internal quotations omitted)(quoting in part *Schlup*, 513 U.S. at 315). Therefore, Albarran has not shown that the procedural defaults should be excused.

II. Merits of Claims

Even if the claims in the Petition were not procedurally defaulted, the record does not reflect that either of the claims have any merit. In regard to the alleged admission of hearsay by the trial court, Albarran has not shown that the court made a ruling that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the trial court's ruling was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. A review of the record also shows that there was ample evidence for a reasonable trier of fact to

conclude beyond a reasonable doubt that Albarran was guilty. Therefore, based on the above, the Petition is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  May 24, 2012